IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00767-KLM

THE LAFOND FAMILY TRUST,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Address Plaintiff's Attorney's Conflict of Interest, or in the Alternative, to Disqualify** [#25][1] (the "Motion").[2] Plaintiff filed a Response [#26] in opposition to the Motion and Defendant filed a Reply [#28]. This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#19, #20]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#25] is **DENIED in part and GRANTED in part**.

---

[1] "[#25]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This matter is also before the Court on Defendant's Stipulated Motion to Stay Discovery Depositions Until [the] Court Rules on the Motion to Address Plaintiff's Attorney's Conflict of Interest, or in the Alternative, to Disqualify (Docket #25) [#29] (the "Stipulated Motion"). Given that the Stipulated Motion seeks to stay depositions in this case pending a ruling on the instant Motion [#25], the Court denies the Stipulated Motion as moot.

## I. Background

This bad faith insurance case involves a claim for hail, wind, and water damage to Plaintiff's property under a Homeowner's Policy issued by Defendant. *See generally Compl.* [#6]. Plaintiff alleges that it made a timely claim for the property damage and that Defendant offered an unreasonably low settlement for the cost of repairs and unreasonably delayed or denied payment of covered benefits without a reasonable basis in violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, and in breach of the parties' insurance contract. *See id.* ¶¶ 8-27.

In the instant Motion, Defendant represents that Mr. Richard LaFond ("LaFond"), Plaintiff's counsel of record, made Plaintiff's initial claim for the property damage and was Plaintiff's primary contact with Defendant prior to the filing of this lawsuit. [#25] at 2. For this reason, Defendant argues that Mr. LaFond cannot act as an advocate on Plaintiff's behalf in this case because he is a necessary witness and will be subject to cross examination. *Id.* Specifically, Defendant asserts that Mr. LaFond "must be disqualified from this case as the attorney for the Plaintiff, or, in the alternative, disqualified from depositions and the trial." *Id.* at 8.

In its Response, Plaintiff does not contest Defendant's characterization of Mr. LaFond's involvement in Plaintiff's insurance claim pre-suit, but nonetheless argues that the Motion [#25] should be denied. *See generally* [#26]. Plaintiff first argues that the request to completely disqualify Mr. LaFond from any involvement or participation in this case is not supported by law or fact. *Id.* at 2. Second, Plaintiff argues that Defendant's request to disqualify Mr. LaFond from participating at trial is now moot given that Plaintiff has retained Mr. Robert Lichty ("Lichty") to represent Plaintiff during trial in place of Mr.

LaFond. *Id.* at 3. Finally, Plaintiff asserts that unless Mr. LaFond's identity will likely be disclosed to the jury by deposition testimony admitted into evidence, Plaintiff's counsel should not be disqualified from conducting depositions. *Id.* at 4-7.

In its Reply [#28], Defendant appears to abandon its request that Mr. LaFond be disqualified either from the case entirely or from trial, stating: "Since Plaintiff's attorney has advised that he will not serve as trial counsel in this action, the only issue to be addressed is whether or not he can take and defend depositions." *Reply* [#28] at 3. Pursuant thereto, Defendant maintains that Mr. LaFond "must be precluded from taking and defending depositions" because to hold otherwise would, among other reasons, prejudice Defendant "in not being able to challenge Mr. LaFond's factual statements and questions during the depositions in this action." *Id.* at 7.

## II. Legal Standard

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The movant bears the burden of establishing the grounds for disqualification. *World Youth Day*, 866 F. Supp. at 1299. "When ruling on a motion for disqualification of counsel, [the Court] must make specific findings and conclusions." *Id.* (citation omitted). The Court should evaluate motions to disqualify with suspicion, and it must be aware that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A.C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo. 1996)).

Pursuant to D.C.COLO.LAttyR 2(a), this District applies the Colorado Rules of

Professional Conduct as its standards for professional responsibility. Defendant premises its request on Colorado Rule of Professional Conduct 3.7 ("Rule 3.7"). In pertinent part, Rule 3.7 prescribes that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

"[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302. "[T]he opposing counsel cannot be disqualified on the basis of speculation or conjecture, and disqualification can occur only after facts have been alleged that demonstrate a potential violation of the Rule." *Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005) (citation omitted).

"[T]he mere violation of [Rule 3.7] does not automatically result in disqualification." *Id.* at 1303 (citation omitted). The Court must determine "whether the litigation can be conducted in fairness to all parties," and whether "the claimed misconduct in some way 'taints' the trial or the legal system." *World Youth Day*, 866 F. Supp. at 1302. In making this determination, the Court should evaluate whether the jury would be confused by the advocate also appearing as a witness, and whether the dual role would implicate "an unfair advantage in rebutting or advancing the substantive allegations at issue." *Id.* The Court must also consider "the nature of the case, with emphasis on (1) the subject of the lawyer's testimony; (2) the weight the testimony might have in resolving disputed issues; and (3) the availability of other witnesses or documentary evidence that might independently establish

the relevant issues." *People v. Pasillas-Sanchez*, 214 P.3d 520, 525 (Colo. App. 2009) (citation omitted).

### III. Analysis

**A.     Complete Disqualification**

To the extent that Defendant seeks to completely disqualify Mr. LaFond from representing Plaintiff in any capacity in this case, this position lacks a legal basis in the Motion [#25] and appears to have been abandoned by Defendant's Reply [#28]. In the Motion, Defendant relies on *World Youth Day* and *Fognani,* as grounds for Mr. LaFond's disqualification. However, as Plaintiff notes, neither of those cases resulted in the complete disqualification of counsel. Indeed, the parties in *World Youth Day* agreed that counsel "may continue to participate in other pretrial litigation activities such as strategy sessions, pretrial hearings, mediation conferences, motions practice and written discovery." 866 F. Supp. at 1303. In *Fognani*, the Colorado Supreme Court made clear that "[c]ourts generally permit an attorney disqualified on [the] basis [of Rule 3.7] to participate fully in pretrial litigation activities such as strategy sessions, pretrial hearings, mediation conferences, motions practice and written discovery." 115 P.3d at 1276.

Moreover, given that Plaintiff has agreed to retain different counsel to conduct trial, Defendant's Reply appears to have abandoned its argument that Mr. LaFond should be disqualified entirely from the case. *Reply* [#28] at 3 ("Since Plaintiff's attorney has advised that he will not serve as trial counsel in this action, the only issue to be addressed is whether or not he can take and defend depositions."). Accordingly, for these reasons, the Motion [#25] is **denied** to the extent that Defendant seeks to completely disqualify Mr.

LaFond from further representing Plaintiff in this case.

**B.     Disqualification from Trial**

Given that Plaintiff agrees Mr. LaFond is a necessary witness in this case and has therefore retained Mr. Lichty to conduct trial in Mr. LaFond's stead, Defendant's request that Mr. LaFond be disqualified from conducting trial is moot. Accordingly, the Motion [#25] is **denied as moot** to the extent that Defendant seeks to disqualify Mr. LaFond from conducting trial.

**C.     Disqualification from Depositions**

With respect to the remainder of Defendant's Motion [#25], both parties recognize that the crux of their dispute is whether Mr. LaFond must be disqualified from taking and defending depositions given that he is a necessary witness in the case. *See Response* [#26] at 4 ("The only matter for resolution, presented by Defendant's Motion, is whether Plaintiff's Counsel can take and defend depositions in this case."); *Reply* [#28] at 3 ("Since Plaintiff's attorney has advised that he will not serve as trial counsel in this action, the only issue to be addressed is whether or not he can take and defend depositions.").

As an initial matter, the Court notes that the plain language of Rule 3.7 applies only to an attorney "act[ing] as an advocate at trial." *See also World Youth Day*, 866 F. Supp. at 1303 (same). "Thus, with the informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy." *Id.* However, although "[c]ourts generally permit an attorney disqualified on this basis to participate fully in pretrial litigation activities such as strategy sessions, pretrial hearings, mediation conferences, motions practice and written

discovery[,] . . . where the attorney's participation in pretrial deposition[s] could be revealed at trial, the court should bar the attorney from participating in that activity." *Fognani*, 115 P.3d at 1276-77 (citing *World Youth Day*, 866 F. Supp. at 1303); *see also CBA Ethics Committee Opinion, Formal Opinion No. 78: Disqualification of the Advocate/Witness*, 5 The Colorado Lawyer 23 (May 2013) ("A lawyer who is a necessary witness generally may act as an advocate in pretrial activities unless the lawyer's participation in a particular pretrial activity would undermine the purpose of Rule 3.7.").

As stated above, Defendant relies on two cases in support of its Motion [#25], *World Youth Day* and *Fognani*. *World Youth Day* involved a breach of contract dispute in which the defendant's attorney had significant involvement in drafting and negotiating the agreement at issue in the litigation. 866 F. Supp. at 1299-1301. The Court disqualified the defendant's attorney-witness from taking or defending depositions on the bases of prejudice to the plaintiff and confusion of the jury if defendant's attorney was allowed to conduct depositions. *Id.* at 1303-04. The Court reasoned:

> Realistically, the testimony from oral depositions in this case cannot easily be taken and read into evidence without revealing [defendant's attorney's] identity as the deposing attorney. Indeed, [defendant's attorney] himself probably will be deposed. Moreover, it is naive to believe that depositions are divorced from trial advocacy. Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony when the witness is unavailable. The skill of deposing counsel on direct and cross-examination is necessarily woven into the fabric of the trial itself. Videotaped depositions present an even greater concern. Unlike oral depositions, if these depositions are used at trial in video format, [defendant's attorney's] impermissible dual role as advocate and witness will be even more apparent to the jury.

*Id.* at 1304. Thus, the Court concluded that the plaintiff could suffer prejudice and that the trial would be tainted by jury confusion if the defendant's attorney-witness was allowed to

take or defend depositions in the case. *Id.*

The second case on which Defendant relies is *Fognani*, a medical malpractice case in which the plaintiffs retained their son as counsel and endorsed him to testify as a fact witness. 115 P.3d at 1269-70. Specifically, the plaintiffs in that case disclosed their attorney as a witness having information related "to his father's past medical condition, his father's care and treatment by [the defendant doctor], conversations with [the doctor] regarding his father's conditions as well as other issues in the lawsuit." *Id.* at 1270. Additionally, it was disclosed that the plaintiffs' attorney "was privy to certain inculpatory admissions by [the defendant doctor.]" *Id.* On a petition for review of the district court's "broad order" disqualifying the plaintiffs' counsel from the case, the Colorado Supreme Court upheld the attorney's disqualification from trial representation but remanded the case for the district court to determine the scope of that disqualification with respect to pretrial activities, including the taking and defending of depositions. *Id.* at 1276-77. In doing so, the Colorado Supreme Court cited *World Youth Day* for the rule "that where the attorney's participation in pretrial deposition[s] could be revealed at trial, [ ] court[s] should bar the attorney from participating in that activity." *Id.* at 1277 (citing *World Youth Day*, 866 F. Supp. at 1304). The Court further stated:

> Upon assuring that the client has consented to pretrial representation by the disqualified attorney, the trial court has the discretion to determine whether participation by the attorney in a particular pretrial activity would undermine the purpose of Rule 3.7. Accordingly, if for example, the attorney's dual role in deposition proceedings would likely be revealed at trial, the court may properly limit the attorney's role in that activity.

*Id.*

Here, Plaintiff concedes that Mr. LaFond is a necessary witness as contemplated

by Rule 3.7 and therefore, that his testimony is relevant, material, and unobtainable elsewhere.  *Motion* [#25] at 7; *Response* [#26] at 3.  Plaintiff does not dispute that Mr. LaFond presented Plaintiff's claim for the property damage to be adjusted in accordance with the Homeowner's Policy at issue.  *Motion* [#25] at 3 (citing *Sched. Order* [#23] § 4(4); *see generally Response* [#26].  Indeed, Plaintiff has disclosed Mr. LaFond as an individual likely to have discoverable information "concerning the damage sustained by the property as a result of the June 18, 2018 incident, interactions with various contractors and representatives of [Defendant], payments made as a result of its claim and the allegations contained in the Complaint."  *Def.'s Ex. A, Pl.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)* [#25-1] at 1.  Additionally, Plaintiff does not contest Defendant's characterization that Mr. LaFond was Plaintiff's primary contact with Defendant during the claims handling process or that correspondence between Mr. LaFond and Defendant demonstrates his role in handling Plaintiff's claim.  *Motion* [#25] at 4; *see also Aff. of Charles Jepson* [#28-1] ¶ 6.  Therefore, the Court finds no merit in Plaintiff's argument that Defendant "makes no attempt to put forward any facts to demonstrate [Mr. LaFond's] 'dual role' . . . ."  *Response* [#26] at 6.

On these facts, which Defendant correctly notes are similar to those in *World Youth Day*, the Court finds that Mr. LaFond's dual role as counsel and a necessary witness naturally raises the distinct risk that his dual role could be revealed through his conducting of depositions.  *See World Youth Day*, 866 F. Supp. at 1304 ("[I]t is naive to believe that depositions are divorced from trial advocacy.  Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony when the witness is unavailable."); *see also Stanton v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM,

2012 WL 3638795, at *5 (D. Colo. Aug. 23, 2012) (disqualifying plaintiff's counsel from conducting depositions in bad faith insurance dispute where counsel was a necessary witness and the point of contact for plaintiffs' insurance claim against defendant pre-suit).

Plaintiff attempts to downplay this risk by making three arguments. First, Plaintiff argues that Defendant has failed to carry its burden of demonstrating that Mr. LaFond's "participation in depositions, if admitted at trial, would reveal his 'dual role.'" *Response* [#26] at 6. Plaintiff asserts, by citing a Sixth Circuit decision that predates *World Youth Day* and *Fognani*, that because Defendant has failed to offer sufficient facts, the Court cannot make the "factual inquiry" necessary to grant Defendant's request. *Id.* (citing *General Mill Supply Company v. SCA Services, Inc.*, 697 F.2d 704, 710 (6th Cir. 1982)).

With respect to this argument, Plaintiff appears to suggest that Defendant must offer factual evidence showing that a jury would likely learn of Mr. LaFond's dual role through the admission of deposition testimony at trial. It is unclear to the Court, however, how Defendant could accomplish this given that the present Motion must necessarily be adjudicated before any deposition can taken place.[3] The "factual inquiry" to which Plaintiff refers speaks to the requisite finding that an attorney is a necessary witness and should therefore be disqualified from conducting trial, not to the likelihood of a jury discovering the attorney's dual role through deposition testimony. *See Gen. Mill Supply Co.*, 697 F.2d at 710-11 (discussing the necessity of a "factual inquiry" that would allow appellate review in the context of disqualifying an attorney-witness from the entire case), 716 (regarding the decision to disqualify counsel from conducting depositions to be "within the sound

---

[3] The parties recognize as much given the unopposed request to stay depositions pending a ruling on Defendant's Motion [#25]. *See Stipulated Motion* [#29].

discretion of a trial judge" and acknowledging that "[n]ot even the possible confusion of the jury would be averted by exclusion from the 'trial' only"); *see also World Youth Day*, 866 F. Supp. at 1299-1301 (concluding, after finding a factual basis to disqualify the attorney-witness from conducting trial, that disqualification from conducting depositions was also appropriate given the purpose of Rule 3.7 to "avoid the prejudice associated with jury confusion resulting from an attorney acting as both advocate and witness").

As outlined above, Plaintiff concedes the factual basis on which Mr. LaFond is deemed a necessary witness in this case and effectively agrees that he should be disqualified from conducting trial in this matter for that reason. No case cited by either party suggests that extending the disqualification to the taking and defending of depositions requires a separate factual inquiry into whether a jury is more likely or not to discover this dual role through the admission of deposition testimony at trial.

Second, Plaintiff provides an Affidavit of Mr. LaFond [#26-1] to argue that it "has put forward various facts to demonstrate that[ ] this is not the type of case where Plaintiff[']s Counsel's 'dual role' will be revealed by his taking and defending depositions." *Id.* at 7. Specifically, Mr. LaFond attests:

> 9. My representation of Plaintiff will not be adversely affected by Plaintiff's interest in my expected testimony.
> 10. I see no likelihood that my identity as the deposing attorney for Plaintiff will be disclosed to the jury.
> 11. My "dual role" as Attorney/Witness will not be disclosed in deposition transcripts submitted into evidence at trial, especially if reasonable steps are taken to prevent such disclosure.
> 12. I will give no contradictory testimony to that of other witnesses on behalf of Plaintiff; nor will any of my testimony place me into a "Catch 22 situation."
> 13. There are no allegations that I have engaged in any misrepresentations or wrongful conduct in this matter.
> 14. Defendant makes no legal claim against Plaintiff or myself in this

action.

*Aff. of Mr. LaFond* [#26-1] ¶¶ 9-14. Aside from the fact that this Affidavit is entirely self-serving, the Court agrees with Defendant that what Mr. LaFond overlooks is "the unfair and difficult situation which will arise in a deposition when he asks a question of the deponent and challenges the response based on his recollection of events[.]" *Reply* [# 28] at 5. "Any time he challenges the deponent's response, Mr. LaFond becomes a witness and not an advocate" which, in turn, prejudices Defendant's counsel who cannot challenge or cross-examine Mr. LaFond's recollection of events during the deposition. *Id.* Moreover, Defendant states that Mr. LaFond himself will be deposed in this case. *Reply* [#28] at 5. This logically raises questions of how Mr. LaFond can defend his own deposition and how objections would be made or resolved, which Plaintiff fails to address. *See generally Response* [#26].

Finally, Plaintiff offers to alleviate the risk of revealing Mr. Lafond's dual role to the jury by redacting any reference to him, "by name or context," in any deposition testimony or portion thereof admitted into evidence at trial. *Id.* at 7 (citing *Culebras Enterprises Corp. v. Rivera-Rios*, 846 F.2d 94, 101 n.9 (1st Cir. 1988) for the proposition that the problem of revealing an attorney-witness's dual role to the jury through deposition testimony "could ordinarily be solved . . . by redacting the attorney-witness's name from the deposition"); *see Aff. of Mr. LaFond* [#26-1] ¶ 15. Although this proposal does have some appeal on its face, it fails to address the prejudicial and practical concerns raised above about the actual taking of depositions in the case. Moreover, the case to which Plaintiff cites in support of this proposal is not binding precedent in the Tenth Circuit and only suggests redaction as a potential solution in dicta without any analysis. *See Culebras Enterprises Corp.*, 846 F.2d

at 101 n.9. Plaintiff offers no Tenth Circuit authority, and the Court finds none, to demonstrate that simply redacting deposition material is an adequate remedy to the dual role concerns Rule 3.7 seeks to address. For these reasons, the Court is not persuaded that redacting references to Mr. LaFond in deposition testimony admitted at trial would remedy the prejudice to Defendant during depositions or reduce the risk of the jury learning of Mr. LaFond's dual role during trial.[4]

Therefore, given that Mr. LaFond is a necessary witness for purposes of Rule 3.7, the Court finds that, in furtherance of Rule 3.7's purpose, Defendant could suffer prejudice and the trial could be tainted by jury confusion if Mr. LaFond is permitted to take or defend depositions. *World Youth Day*, 866 F. Supp. at 1304; *see Stanton*, 2012 WL 3638795, at *5. Accordingly, the Motion [#25] is **granted** to the extent that Defendant seeks to preclude Mr. LaFond from taking or defending depositions in this case.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED in part** and **GRANTED in part**. The Motion is **denied** to the extent that Defendant seeks to completely disqualify Mr. LaFond from representing Plaintiff in any capacity in this case. The Motion is **denied**

---

[4] The Court does not consider Plaintiff's request for an order permitting it to take the depositions of "Plaintiff's witnesses by telephone, to decrease face-to-face interaction" and, presumably, to further reduce the risk of Mr. LaFond's identity being disclosed at trial. First, Plaintiff presents this proposal as a request for relief and fails to offer any explanation as to how telephonic depositions would reduce the risk of disclosing Mr. LaFond's dual role to the jury. D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). Second, it is unclear what Plaintiff is specifically seeking given that, pursuant to Mr. LaFond's Affidavit, Plaintiff offers a different proposal that "*Defendant's witnesses' depositions* be taken by telephone, which would eliminate personal contact." *Aff. of Mr. LaFond* [#26-1] ¶ 15(b) (emphasis added).

**as moot** to the extent that Defendant seeks to disqualify Mr. LaFond from conducting trial. The Motion is **granted** to the extent that Defendant seeks to preclude Mr. LaFond from taking or defending depositions in this case. Accordingly,

    IT IS FURTHER **ORDERED** that Mr. Richard LaFond is disqualified from taking or defending any deposition in this matter.

    IT IS FURTHER **ORDERED** that the Stipulated Motion [#29] is **DENIED as moot**.

    Dated: August 8, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge